UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAMESSE GAMBLE, | ) | 1:08-CV-01162 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| CALIFORNIA STATE PRISON, CORCORAN, | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO PROVIDE FORMS |
| Respondent. | ) | |

On August 7, 2008, Petitioner filed a petition for writ of habeas corpus in this Court. On August 20, 2008, Petitioner returned the consent form indicating consent to the jurisdiction of the Magistrate Judge.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a

1  prisoner to challenge the "legality or duration" of his confinement.  <u>Badea v. Cox</u>, 931 F.2d 573, 574
2  (9th Cir. 1991), *quoting*, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973); Advisory Committee Notes
3  to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to
4  42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.
5   <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991);  <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at
6  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

7       In this case, Petitioner claims prison staff have denied him the opportunity to contact his
8  child by telephone in contravention of a court order. Petitioner is challenging the conditions of his
9  confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled to habeas
10 corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims,
11 Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

13      Accordingly, IT IS HEREBY ORDERED:
14      1) The petition for writ of habeas corpus is DISMISSED for failure to allege grounds that
15 would entitle Petitioner to habeas corpus relief;
16      2) The Clerk of Court is DIRECTED to enter judgment and terminate the case; and
17      3) The Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant
18 to 42 U.S.C. § 1983.

20      IT IS SO ORDERED.
21      Dated:   **August 26, 2008**            /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE